IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IAN C. BITTICK, Register No. 191410, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-4139-CV-C-SOW ) |
| JEREMIAH NIXON, et al., | ) ) |
| Defendants. | ) |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Ian C. Bittick, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Missouri Governor Jeremiah Nixon and Missouri Attorney General Chris Koster.

This case was dismissed, without prejudice, on August 21, 2009, for plaintiff's failure to either pay the filing fee in full or submit forms for proceeding in forma pauperis. In light of receipt of the filing fee in full within four days of plaintiff's complaint being dismissed, this case is reopened.

Plaintiff is challenging his state court proceedings involving the application of the Missouri Incarceration Reimbursement Act (MIRA) to his inmate account monies.

Although plaintiff has paid the filing fee in full and is not requesting leave to proceed in forma pauperis, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's claims challenging the removal of monies from his inmate account, pursuant to the MIRA, are property claims on which he has adequate post-deprivation remedies available in Missouri State Courts. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Eighth Circuit has specifically held that confiscation of inmate funds in inmate account, pursuant to the MIRA, does not rise to the level of a constitutional violation as required to sustain recovery under section 1983. Skinner v. State of Missouri, 2007 WL 315364 (8th Cir. Feb. 5, 2007) (unpublished). See also Clark v. Missouri Dep't of Corr., 2009 WL 481271 (8th Cir. Feb. 23, 2009) (unpublished) (citing Skinner v. Missouri, 2009 WL 481271 *1).

The court further notes that plaintiff specifically states he is attempting to appeal his state court case, State of Mo. ex rel v. Ian C. Bittick, No. 06AC-CC00417 (Mo. 19th Cir. judgment entered July 24, 2006). Plaintiff cannot relitigate his state court case and/or claims challenging the MIRA in federal court because these claims are precluded under the doctrine of res judicata. Courts must give preclusive effect to state court judgments whenever the state from which the judgments emerged would do so. Brown v. St. Louis P.D., 691 F.2d 393, 395 (8th Cir. 1982). The court notes that plaintiff had an opportunity to appeal the judgment and, in fact, filed an appeal, but failed to prosecute the appeal, and was dismissed. To the extent plaintiff attempts to seek review of federal or constitutionalf claims challenging the MIRA, these are clearly claims that could and should have been asserted in the state court judicial proceedings, and therefore, res judicata also applies. Id. at 396.

IT IS, THEREFORE, ORDERED that plaintiff's case is reopened. It is further

RECOMMENDED that plaintiff's claims be dismissed for failure to state a claim, as frivolous and on res judicata grounds.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of November, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3

Case 2:09-cv-04139-SOW   Document 6   Filed 11/02/09   Page 3 of 3